IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re: § | |
| § | Chapter 7 |
| RONALD MCELHANEY, § | Case No. 17-40839-EJC |
| § | |
| Debtor. § | |

**OBJECTION TO MOTION FOR LEAVE TO SELL PROPERTY FREE AND CLEAR OF LIENS PURSUANT TO 11 U.S.C. §§ 363(B) and (F) AND REQUEST TO DEFER FILING FEE**

COMES NOW Patricia Emrich ("Ms. Emrich"), through counsel, and files this Objection to the Trustee's Motion for Leave to Sell Property Free and Clear of Liens Pursuant to 11 U.S.C. §§ 363(b) and (f) and Bankruptcy Rules 6004(c) and 9014 with the Court as follows:

1. The Debtor filed a Voluntary Petition for relief under Chapter 7 of the United States Code on June 6, 2017.

2. Plaintiff, Tiffany E. Caron, is the duly appointed bankruptcy trustee in the above-captioned Chapter 7 case.

3. The Debtor (now deceased) is the joint owner of real estate located at 526 E. 46th Street, Savannah, GA 31405 (the "Property").

4. The Trustee filed an Adversary Proceeding against Ms. Emrich, the Joint Owner of the Property, alleging that Ms. Emrich gained an interest in the Property by way of a fraudulent transfer on the part of the Debtor.

5. The Trustee and Ms. Emrich, through counsel, resolved the Adversary Proceeding by an agreement on terms as follows:

1

The Parties have agreed that the Trustee will market the Property for sale and that the Parties will split the Net Proceeds (Net Proceeds are: the funds remaining after payment of real estate commission, pro-rated property taxes, seller's closing costs, secured debts and liens) as follows:

A. Patricia Emrich shall receive thirty percent (30%) of the Net Proceeds of the sale of the Property at closing.

B. In consideration for the forgoing, Ms. Emrich shall cooperate in the listing, marketing, showing and sale of the Property.

C. Ms. Emrich shall keep the Property in reasonably good, showable condition and shall allow reasonable access to the Property for potential buyers and their agents.

D. Ms. Emrich may use the Property as her residence until closing.

E. Ms. Emrich consents to the attached order, subject to the forgoing settlement terms.

F. Ms. Emrich shall sign any documents necessary to facilitate the closing of any sale of the Property.

G. By agreement of the Parties, the remaining seventy percent (70%) of the Net Proceeds of any sale of the Property shall be paid to the Trustee for the benefit of the bankruptcy estate.

6. An Order was entered permitting the Trustee to sell the property subject to the agreement as set forth above, which contemplated a split of the net proceeds as defined above (See Order at Doc. No. 55). Hereinafter, the agreement set forth above and adopted at Order, Doc. No. 55, shall be referred to as the "Adversary Consent Order." A true and correct copy of the Adversary Consent Order is attached hereto as *Exhibit "A."*

7. According to her Motion, the Trustee desires to sell the Property: 526 E. 46th St., Savannah, GA 31405, to Michael and Jennifer Krzmarzick ("Purchasers"), for $425,000.00, with the sale to close on or around June 15, 2018, or by extension as agreed to by the parties.

8. The Trustee's proposed distribution of sale proceeds as outlined in her Motion is in violation of the Adversary Consent Order.

9. The Adversary Consent Order requires that Ms. Emrich be paid thirty percent (30%) of the net funds after payment of secured and administrative claims.

10. The Trustee's calculation for her proposed distribution includes a $40,000 reduction in equity-line payoff. This reduction in equity-line payoff is, at this time, merely a proposal and has not been expressly approved by the creditor; however, the Trustee's proposed distribution schedule presumes the reduction is granted.

11. The $40,000 reduction in equity-line payoff will increase the net funds available for distribution. The Trustee's motion improperly characterizes a creditor's tentative write-off of $40,000 as an *expense* of the sale.

12. Pursuant to the express terms of the Adversary Consent Order, Ms. Emrich is to receive 30% of the net proceeds of the sale, where "net proceeds" are defined as "the funds remaining after payment of real estate commission, pro-rated property taxes, seller's closing costs, secured debts and liens." *See Ex. "A."*

13. The $40,000 equity-line reduction is a reduction in the *secured debts* on the property.

14. The Trustee's Motion proposes a distribution of net proceeds to Ms. Emrich that ignores the net proceeds attributable to the debt reduction. The Trustee cannot unilaterally determine that a certain portion of the net proceeds are not subject to the terms of the Adversary Consent Order.

15. If the creditor agrees to write-off any portion of the secured debt, the same must be factored into the proposed distribution to reflect the corresponding increase in net proceeds to be distributed to Ms. Emrich.

16. Ms. Emrich has, at this point, lost her companion to death and her home to the Trustee's Adversary petition. She is not in a position to lose, to the Trustee's creative mathematics, the small proceeds from the sale of this home to which she is rightfully entitled by Order of this Court.

WHEREFORE, the Adversary Defendant, Ms. Emrich, respectfully requests the following relief:

(a) That the Court would enter an Order denying the Trustee's Motion;

(b) That Adversary Defendant be awarded its reasonable attorneys' fees and costs expended; and

(c) Any and all other relief to which Adversary Defendant may reasonably appear entitled.

This 4th day of June, 2018.

                /s/ Keri M. Martin
                KERI M. MARTIN
                Georgia State Bar No. 769803

WEINER SHEAROUSE WEITZ    *Attorneys for Adversary Defendant Patricia*
GREENBERG & SHAWE, LLP     *Emrich*
P.O. Box 10105
Savannah, GA 31412-0305
TEL.: (912) 233-2251
FAX: (912) 235-5464
kmartin@wswgs.com

5